IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LINDA E. FARWELL :

    v. : Civil Action No. DKC 10-1274

LEON STORY, et al. :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this mortgage lending case is a motion for leave to amend the complaint filed by Plaintiff Linda Farwell. The issues have been fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the court will grant in part and deny in part Farwell's motion to amend. (ECF No. 56).

**I. Background**

This case began when Plaintiff Linda Farwell filed a complaint in the Circuit Court for Montgomery County on April 9, 2010, which PNC removed to this court on May 20, 2010. (ECF No. 1, at 1). In that complaint, Farwell alleged (among other things) that PNC Mortgage ("PNC"), as successor-in-interest to National City Mortgage, violated the Truth in Lending Act ("TILA"), the Maryland Consumer Protection Act ("MCPA"), and the Fair Debt Collection Practices Act ("FDCPA"). (ECF No. 2, at

12-21). Farwell also asserted a breach of contract claim against PNC and three fraud-based claims against Defendants Leon Story, Jon Lane (doing business as Bridge Street Appraisals ("Bridge Street")), and Challenge Financial Investors Corporation ("Challenge"). Challenge was dismissed from the case on November 10, 2010.

The remaining defendants then filed motions to dismiss. In a December 1, 2010 opinion and order, the court granted the motions to dismiss in part and dismissed six of the seven counts, as well as part of the remaining count - the TILA claim. *See Farwell v. Story*, No. DKC 10-1274, 2010 WL 4963008 (D.Md. Dec. 1, 2010). Of relevance here, the court dismissed that portion of Farwell's TILA claim related to misleading disclosures. *Id.* at *6-7. Farwell's complaint alleged that the TILA-required disclosure statements were "contradictory and confusing" because they listed different monthly payments and loan amounts than the amounts provided on other loan documents. The court rejected the argument, concluding that there was no "suggestion that the [TILA] disclosures were insufficient or otherwise factually inaccurate. . . . [Nor was there any] suggestion that the inconsistencies resulted from anything other than definitional differences." *Id.* at *6-7 (citing *Smith v. Anderson*, 801 F.2d 661, 663 (4th Cir. 1986)).

After dismissing most of the original complaint, the court invited Farwell to amend her complaint to state any remaining viable claims. Farwell accordingly filed her motion for leave to amend on December 22, 2010.[1] (ECF No. 55). The proposed amended complaint asserts separate negligence claims against Story and Bridge Street, a constructive fraud claim against Bridge Street, an intentional misrepresentation claim against Bridge Street, and a civil conspiracy claim against both Bridge Street and Story.

Farwell also re-alleges certain TILA-based allegations against PNC, including a claim that PNC failed to disclose the monthly payment and loan amount accurately. The proposed amended complaint strikes out reference to conflicting loan document terms and instead alleges that the required disclosures were "insufficient and/or factually inaccurate and misleading." (ECF No. 56-1, Am. Compl. Redline, ¶¶ 87, 91). It does not include any other revisions relevant to the TILA-based claim.

## II. Analysis

Farwell has moved to amend pursuant to Federal Rule of Civil Procedure 15. Rule 15(a)(2) provides that leave to amend should be freely given "when justice so requires." Thus, "leave

---

[1] Farwell filed a corrected motion on December 29. (ECF No. 56).

to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Martrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009). An amendment is futile if it would fail to withstand a motion to dismiss. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

On a motion to dismiss, the court must consider all well-pleaded allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The court need not accept unsupported legal allegations. *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Nor must it agree with legal conclusions couched as factual allegations, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to

relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

PNC suggests that some of the TILA claims in the proposed amended complaint are in substance the same claims dismissed by the court in its ruling on PNC's motion to dismiss. Farwell insists that her revised claim "is not resurrection of the dead horse . . . but a different beast altogether." (ECF No. 58, at 2). Under the standard articulated in *Iqbal*, PNC's view is the correct one; the amended claim concerning allegedly inaccurate TILA disclosures would be futile.

As the prior opinion explained, Farwell cannot rely simply on differences in the loan documents to state a claim for inaccurate TILA disclosures. *See Farwell*, 2010 WL 49630008, at *6-7; *see also Mandrigues v. World Sav., Inc.*, No. 07-4497, 2009 WL 160213, at *6 (N.D.Cal. Jan. 20, 2009) ("Numerous courts have rejected such a claim."). Rather, she must present *facts*, other than those differences, that render it plausible that the required disclosures were insufficient or inadequate. Farwell insists that she has added sufficient "facts" by alleging that "National provided disclosures on the day of closing that were insufficient and/or factually inaccurate and misleading." (ECF No. 56-2 ¶ 61).

5

But that allegation is exactly the sort of legal conclusion recast as a factual allegation that is not entitled to any weight at the motion to dismiss stage. Indeed, the language is drawn almost directly from a legal statement offered in the prior opinion. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S.Ct. at 1950. Without any relevant facts to support it, Farwell's legal statement does not suffice under Rule 8. *See, e.g.*, *Isagawa v. Homestreet Bank*, --- F.Supp.2d ----, No. 10-00508, 2011 WL 280956, at *6 (D.Hawaii Jan. 25, 2011) (dismissing allegations without additional facts supporting that disclosures were "false" or "incomplete"); *Payan v. GreenPoint Mortg. Funding, Inc.*, 681 F.Supp.2d 564, 570 (D.N.J. 2010) (dismissing claim where "plaintiffs fail[ed] to state with requisite specificity which charges and fees were not properly disclosed and why certain charges and fees are not bona fide and are unreasonable in amount"); *Seldon v. Home Loan Servs., Inc.*, 647 F.Supp.2d 451, 461 (E.D.Pa. 2009) (dismissing claim based on inaccurate TILA disclosure composed of "formulaic recitation of the elements of a TILA violation"). Farwell's attachment of a new legal label to her TILA disclosure claim does not support leave to amend.

Farwell's misapprehension of the Rule 8 pleading standard is evidenced by her argument that the court cannot dismiss "unless the Court is satisfied that the material TILA disclosures extended by PNC, when given, *are* sufficient and factually accurate." (ECF No. 58, at 3) (citing *Haines v. Kerner*, 404 U.S. 519, 521 (1972))). Farwell's argument rests on the former Rule 12(b)(6) pleading standard, sometimes called the "no set of facts" standard, found in *Conley v. Gibson*, 355 U.S. 41 (2007). As the Fourth Circuit has recognized, *Francis*, 588 F.3d at 192 n.1, that standard was "explicitly overruled" in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007), in unequivocal terms:

> We could go on, but there is no need to pile up further citations to show that *Conley*'s "no set of facts" language has been questioned, criticized, and explained away long enough. To be fair to the *Conley* Court, the passage should be understood in light of the opinion's preceding summary of the complaint's concrete allegations, which the Court quite reasonably understood as amply stating a claim for relief. But the passage so often quoted fails to mention this understanding on the part of the Court, and after puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Conley*, then, described the breadth of opportunity to prove what an

>                 adequate complaint claims, not the minimum
>                 standard of adequate pleading to govern a
>                 complaint's survival.

(citations and footnote omitted). Applying the correct Rule 8 pleading standard, rather than the now-"retired" *Conley* approach, it is clear that the complaint does not state a claim for a violation based on inaccurate, insufficient, or otherwise misleading TILA disclosures.

Defendants have not opposed any other part of the proposed amended complaint and there are no obvious reasons to deny leave to amend as to the other claims. Therefore, Farwell will be permitted to assert those claims. She is instructed to file a new amended complaint striking those portions of the proposed amended complaint relating to the allegedly inaccurate TILA disclosures within 14 days.[2]

### III. Conclusion

For the foregoing reasons, Farwell's motion for leave to amend will be granted in part and denied in part. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

---

[2] As the prior opinion indicated, Farwell will be permitted to proceed with her TILA-based claim that she did not receive the disclosures in a timely fashion. *See Farwell*, 2010 WL 4963008, at *7.